UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 2:23-cv-2423 TLN AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a county prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the court on respondent's motion to dismiss, ECF No. 16.

I.  Background

   A.  State Trial Proceedings

On July 24, 2023, petitioner was convicted of filing a false or forged instrument in Sacramento County Superior Court Case No. 23FE000947 and was sentenced to a determinate three-year sentence. ECF No. 1 at 1; ECF No. 15-1.

   B.  State Post-Conviction Proceedings

Petitioner appealed his conviction to the California Third District Court of Appeal, which affirmed judgment. ECF No. 15-2. Petitioner filed a petition for review in the California Supreme Court (ECF No. 15-3), which was denied on September 11, 2024 (ECF No. 15-4). He

did not petition for writ of certiorari in the United States Supreme Court.  ECF No. 1 at 2.

        C.      Federal Proceedings

Petitioner filed the instant petition on October 16, 2023,[1] raising six grounds for relief.  ECF No. 1.  He alleges that he was denied work credit (Claim One); the charged conduct was not a crime (Claim Two); his poor health requires dismissal or an alternative sentence (Claim Three); there was insufficient evidence to support the conviction (Claim Four); he should be provided credit for classes he missed for reasons beyond his control (Claim Five); and the charges should be reduced to misdemeanors (Claim Six).  ECF No. 1 at 4-11.  Respondent filed a motion to dismiss the petition (ECF No. 16), which petitioner opposed (ECF No. 19).  However, because the opposition indicated that petitioner had not received a copy of the motion, respondent was ordered to re-serve the motion to dismiss, and petitioner was given an opportunity to file a supplemental opposition (ECF No. 22), which he did (ECF No. 24).

II.      Motion to Dismiss

        A.      Party Positions

Respondent seeks dismissal of Claims Two, Three, Four, and Six pursuant to Younger v. Harris, 401 U.S. 37 (1971), on grounds that petitioner's conviction was not final when the federal petition was filed.  ECF No. 16 at 1-5.  Respondent also argues that Claims One and Five should be dismissed because they are state law claims and therefore not cognizable and are also unexhausted.  Id. at 1, 5-7.

In his initial response, petitioner alleges that he did not receive a copy of the motion to dismiss but argues that he should not remain convicted for non-crimes, he was convicted based on fabricated testimony, he has no pending action in state court, and he can bring his claims at any time.  ECF No. 19 at 1-2, 3.  He also makes various allegations that are unrelated to the claims in his petition or the motion to dismiss and attaches exhibits which he purports support his claims for relief.  Id. at 2-42.

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1    In reply, respondent argues that the opposition belies petitioner's claim that he did not
2 receive the motion to dismiss because he specifically addressed the claim that his conviction was
3 not final at the time he filed the petition. ECF No. 20 at 2. Respondent also argues that the
4 California Supreme Court docket provided by petitioner as proof that his criminal proceedings
5 had concluded provides him no relief for two reasons. Id. First, the docket he provided is from
6 his direct appeal in a different criminal case and therefore has no bearing on the conclusion of the
7 state court proceedings at issue here. Id. Second, even if the petition for review was related to
8 the criminal case at issue here, it was not denied until after the filing of the petition in this case,
9 meaning Claims Two, Three, Four, and Six would still be barred by Younger. Id. Finally,
10 respondent asserts that petitioner offers no federal authority to support his claim that he can bring
11 his claims at any time and his other arguments do nothing to refute the arguments in the motion to
12 dismiss. Id. at 3.
13    In his supplemental response, petitioner once against alleges that he did not receive a copy
14 of respondent's motion to dismiss but did receive a copy of the reply, which he argues is "grossly
15 defective." ECF No. 24 at 1. Based on respondent's reply, petitioner argues that exhaustion is
16 based on the date the petition is decided, not the time of filing, making the motion to dismiss
17 frivolous. Id. He also reiterates his claims that he has been convicted of a non-crime and can
18 therefore challenge his conviction at any time and various other allegations unrelated to the
19 claims or the motion to dismiss. Id. at 2-7.
20    B.    Receipt of Motion
21    As an initial matter, the court will address petitioner's claim that he has never received a
22 copy of the motion to dismiss. As the court previously noted, petitioner's response to the
23 argument that his conviction was not final could have been based upon a similar motion filed in
24 Singh v. Macomber, 2:23-cv-2804 WBS EFB (E.D. Cal.), which was dismissed as duplicative of
25 this action. See ECF No. 22 at 1 n.1. However, the record reflects that respondent has served
26 petitioner at his address of record twice. ECF No. 16 at 8; ECF No. 23. Although petitioner
27 claims that he has not received the motion to dismiss either time respondent served it, his filings
28 indicate that since the filing of the motion to dismiss he has received all other mail sent to him at

3

his address of record. It therefore seems suspect that petitioner did not receive either copy of the motion to dismiss. Regardless, even if the court assumes that petitioner did not receive the motion, his address of record reflects that he is no longer incarcerated, and he is clearly aware of the pending motion. Respondent has already properly served the motion twice, and petitioner does not indicate that he made any attempts to obtain copies of the motion, either from the Clerk of the Court, respondent, or PACER. The court will not further delay consideration of the motion due to petitioner's assertion that he has not received a copy when it appears he has taken no steps of his own to obtain one.

        C.     Discussion

                i.    Abstention Doctrine

Under Younger v. Harris, federal courts may not interfere with a pending state criminal prosecution or related proceeding absent "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. at 45. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (quoting San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008)).

Abstention is appropriate if four requirements are met: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Id. (alteration in original) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

All four Younger abstention criteria are met in this case. First, petitioner's direct appeal in his criminal case was still pending in state court when he filed the instant petition on October 16, 2023. See ECF No. 15-6 (appellate docket in direct appeal showing notice of appeal received

4

October 4, 2023). Moreover, though it appears petitioner's appeal has since concluded, it is the status of the state court proceeding at the time the federal petition was filed that matters for Younger purposes. Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (dismissal required under Younger if state court proceedings were ongoing at time action was filed even if they conclude before the court addresses the issue); Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987) ("[T]he critical question is not whether the state proceedings are still 'ongoing', but whether 'the state proceedings were underway before initiation of the federal proceedings.'" (quoting Fresh Int'l Corp. v. Agric. Lab. Rels. Bd., 805 F.2d 1353, 1358 (9th Cir. 1986)). Therefore, the first Younger requirement is satisfied.

Second, criminal proceedings indisputably implicate important state interests for Younger purposes. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45).

Third, California's appellate and post-conviction review process provides an opportunity for consideration of federal constitutional questions. It does not matter to the Younger analysis whether the specific federal claims petitioner wishes to present in this court are part of the pending state proceeding. See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." (citations omitted)). In other words, where vital state interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims." Moore v. Sims, 442 U.S. 415, 426 (1979). California law does not bar the presentation of petitioner's constitutional claims, and petitioner has in fact already raised at least some of his claims in the California courts.[2] See ECF No. 15-3 (petition for review). "[H]is lack of success does not render the forum

---

[2] The court notes that while petitioner may seek to add additional claims after his resentencing has concluded, he has not demonstrated that he would not be able to bring those claims in his direct appeal, and any new claims would also be subject to exhaustion requirements.

1  inadequate." Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

2  Finally, consideration of petitioner's challenge to the validity of his conviction would
3  have the practical effect of enjoining the state court proceedings.  It is widely recognized that
4  federal habeas proceedings regarding the validity of a conviction or sentence have the practical
5  effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying
6  criminal case.  Phillips v. Neuschmid, No. 2:19-cv-3225 RGK AFM, 2019 WL 6312573, at *2,
7  2019 U.S. Dist. LEXIS 204615, at *5 (C.D. Cal. Oct. 18, 2019) ("[C]ourts implicitly find that
8  granting federal habeas corpus relief would have the practical effect of enjoining or interfering
9  with the ongoing state judicial proceeding, even where the state proceeding is limited to
10 sentencing.") (collecting cases); adopted, 2019 WL 6310269, 2019 U.S. Dist. LEXIS 204569
11 (C.D. Cal. Nov. 22, 2019) (dismissing habeas petition on the ground of Younger abstention); see
12 also Beltran, 871 F.2d at 782 (Younger requires dismissal even if state court proceedings have
13 concluded prior to the district court addressing the issue and abstention order may simply result in
14 refiling of the federal complaint).  This is true whether or not the aspect of the case being
15 addressed in the state court proceedings is the same aspect of the case being challenged in the
16 federal habeas petition.  See Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (where
17 petitioner had exhausted state court remedies with respect to the issue of guilt but the penalty
18 phase was still ongoing, court "should not entertain petitioner's federal habeas petition in the
19 absence of a penalty phase judgment in state court or until the existence of extremely unusual
20 circumstances warrant an exception").  Here, granting petitioner the relief he seeks—release from
21 confinement and the invalidation of his conviction—would have had the practical effect of
22 mooting or enjoining the appeal.  This is true regardless of the nature of the claims presented in
23 the two forums, and it is precisely the sort of interference with state criminal justice systems that
24 the Younger abstention doctrine seeks for foreclose.

25 Since all four Younger criteria are met, petitioner must show that bad faith, harassment, or
26 some other extraordinary circumstance that would make abstention inappropriate." Middlesex
27 Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).  The "bad faith"
28 exception to Younger abstention is narrow: "[o]nly in cases of proven harassment or prosecutions

undertaken by officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).  In this case, petitioner makes only conclusory allegations of discrimination against minorities and assertions that he was convicted using falsified evidence, which are not sufficient to make the required showing.  See Honeycutt v. Lowery, No. 3:14-cv-0046 RCJ VPC, 2014 WL 3784100, at *1, 2014 U.S. Dist. LEXIS 104925, at *2 (D. Nev. July 31, 2014) (claim that petitioner was "being prosecuted on falsified evidence" was a "garden variety allegation" and not an extraordinary circumstance for Younger purposes).

                ii.   State Law Claims

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"), and matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review, Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

In Claims One and Five, petitioner alleges that his time credits have been miscalculated. ECF No. 1 at 4, 10.  California's credits system is a creature of state law, and accordingly, petitioner's claim that his credits have been miscalculated under that system is an issue of state law and not cognizable in this court.  See, e.g., Kitchen v. Jaime, No. 18-cv-6514 JEM, 2021 WL 597874, at *7-8, 2021 U.S. Dist. LEXIS 28588, at *17-18 (C.D. Cal. Feb. 16, 2021) (claims regarding rate of earning credits not cognizable in federal habeas); Grandberry v. Soto, No. 15-cv-7435 DMC JC, 2016 WL 8732426, at *4, 2016 U.S. Dist. LEXIS 185813, at *7-9 (C.D. Cal. June 15, 2016) (same); McClellan v. Valenzuela, No. 1:13-cv-1602 LJO SKO, 2016 WL 7374580, at *10, 2016 U.S. Dist. LEXIS 175340, at *24-25 (E.D. Cal. Dec. 19, 2016) (claim for miscalculation of credits for out-to-court time not cognizable).

iii. Exhaustion

It further appears that Claims One and Five are unexhausted. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The petition indicates that petitioner raised all of his claims in his state supreme court habeas petition, Case No. S266997, but the court refused to consider them. ECF No. 1 at 3, 20. However, review of the petition in that case shows that petitioner did not raise the issue of his time credits, ECF No. 15-5, and petitioner has not identified any other case in which he claims to have raised the issues. A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton, 768 F.2d at 1086. Since it appears petitioner has not exhausted Claims One and Five, they should be dismissed.

III. Conclusion

For the foregoing reasons, the requirements for Younger abstention are satisfied with respect to Claims Two, Three, Four, and Six and those claims should be dismissed without prejudice. Petitioner is advised that dismissal pursuant to Younger is without prejudice and, based on the record before the court, the statute of limitations has not yet expired. See 28 U.S.C. § 2244(d)(1)(A) (statute of limitations runs from date on which judgment becomes final). With respect to Claims One and Five, they must be dismissed because they are not cognizable in federal habeas and are unexhausted.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent's request to substitute (ECF No. 10 at 1 n.1) is GRANTED. Kathleen N. Ratliff, the warden at California Health Care Facility, is substituted as respondent and the Clerk of the Court is directed to update the docket accordingly

IT IS FURTHER RECOMMNEDED that:

1. That respondent's motion to dismiss (ECF No. 16) be GRANTED; and
2. That the petition (ECF No. 1) be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: August 21, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE